```
              IN THE UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF ARKANSAS
                          WESTERN DIVISION



EARNEST HARPER                                          Plaintiff

v.                             4:05CV00362 GTE/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                Defendant
```

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge G. Thomas Eisele. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Earnest Harper, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d

185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on vision problems, muscle aches and high blood pressure. (Tr. 109) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time between July 31, 1998, his alleged onset date (Tr. 89, 215) and December 1, 2002, the date upon which he was awarded benefits on a subsequent application (Tr. 494).  On January 10, 2005, the Appeals Council declined to assume jurisdiction, making the ALJ's decision the final decision of the Commissioner.  (Tr. 342-44)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 50 years old at the time of the latest hearing.[2] (Tr. 496)  He is a high school graduate.  (Tr. 106, 496)  He has past relevant work as a stacker/winder of roofing felt paper, soil and turf laborer and stainer in a furniture factory.  (Tr. 350, 122-25, 400-06)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 404.1520(b).

---

[1] The Hon. Mark S. Anderson.

[2] This case has a lengthy procedural history.  It is not necessary to set out here.

3

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 404.1520(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 357) He found that Plaintiff had a "severe" combination of impairments (Tr. 352), a history of diagnosis and/or treatment for a blind right eye, left eye cataract, hypertension and arthritis, but that he did not have an impairment or combination of impairments that met or equaled a

Listing (Tr. 357). He judged that Plaintiff's allegations as to the extent of his symptoms, limitations and restrictions were credible only to the extent that they were supported by the medical evidence. Id.

The ALJ found that, during the relevant time period, Plaintiff retained the residual functional capacity for medium work that did not require good depth perception or acute hearing. Id. Based upon the testimony of a vocational expert, the ALJ found that Plaintiff's past relevant work as a hand packager and as a stainer/wiper did not require the performance of work-related activities precluded by his limitations, and that his impairments did not prevent his performing that past relevant work during the relevant time. Id. Consequently, the ALJ concluded that Plaintiff was not disabled from July 31, 1998, to December 1, 2002. Id.

Plaintiff contends that the ALJ failed to consider his lack of depth perception, pain, elevated blood pressure readings and his missing work. (Br. 13) He argues that his last work resulted in his being discharged. Id. Actually, Plaintiff testified that he lost his last job, not because he could not perform it, but because he missed a safety meeting. (Tr. 504) He also indicated that he had never been fired or forced to quit a job because of disability. (Tr. 104) The ALJ clearly considered Plaintiff's visual limitations. (Tr. 353, 353, 355) In his hypothetical question, he indicated, "Non-exertionally, such individual should be in a work setting that does not require good depth perception . . . ." (Tr. 523) He considered Plaintiff's pain. (Tr. 353, 354, 355) He considered Plaintiff's hypertension. (Tr. 353, 354) Although Plaintiff

5

testified that he missed work (Tr. 499), that is obviously part of the ALJ's credibility determination. The ALJ is not required to believe or necessarily discuss each item to which Plaintiff testified. An ALJ is not required to discuss all of the evidence submitted. Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). An ALJ's failure to cite specific evidence does not mean that that evidence was not considered. Id.

Next, Plaintiff argues that the ALJ's credibility findings were misplaced and insufficient. (Br. 13-14) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). (Tr. 354-55)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>    1.  the claimant's daily activities;
>
>    2.  the duration, frequency and intensity of the pain;
>
>    3.  precipitating and aggravating factors;
>
>    4.  dosage, effectiveness and side effects of medication;
>
>    5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's

6

claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment, Plaintiff's daily activities, his functional capabilities and the lack of restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff criticizes the ALJ's failure to comment on his strong work record.  (Br. 14)  The ALJ's failure to analyze subjective complaints in light of every consideration dictated by Polaski is not necessarily fatal error.  See Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999)(even though not considered, past relevant work only one of many considerations upon which ALJ could discount subjective complaints).

Plaintiff contends that Gary Nunn, M.D., noted on January 10, 2002, that Plaintiff could only lift 20 pounds.  (Br. 11)  That is a mis-characterization.  Dr. Nunn indicated that Plaintiff stated that he could only lift 20 pounds.  (Tr. 264)  Dr. Nunn completed a

7

Medical Source Statement of Ability to do Work-related Activities (Physical). (Tr. 269-72) He judged that Plaintiff was not limited in lifting/carrying, standing and/or walking, sitting or pushing and/or pulling; his physical exam was within normal limits. (Tr. 269-70)

In a Disability Supplemental Interview Outline dated April 10, 1999 (Tr. 107), Plaintiff indicated that he groomed without assistance; did laundry and dishes, took out the trash, washed his car and mowed the lawn; he shopped for groceries and clothes and completed postal and banking errands (Tr. 103); he prepared meals, including sandwiches and frozen dinners; paid bills and counted change; drove and walked for exercise; watched television, listened to the radio and visited friends and relatives (Tr. 104).

Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television,

8

went out for dinner, occasionally drove and occasionally visited with friends); Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Finally, Plaintiff also contends that the ALJ failed to consider his impairments in combination.  (Br. 15)  The ALJ discussed Plaintiff's impairments individually (Tr. 352, 353) and in combination (Tr. 353, 354, 355, 357).  Plaintiff's point is not well taken.  See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of his impairments, at some length. (Tr. 353, 354, 355, 356, 357))

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this __1__ day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE